# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HAWTHORNE HYDROPONICS LLC      :
d/b/a THE HAWTHORNE            :
GARDENING COMPANY,             :      Case No. 2:24-cv-2860
                               :
    Plaintiff,                :      Judge Sarah D. Morrison
                               :
      vs.                 :      Magistrate Judge Kimberly A. Jolson
                               :
SPRINGFIELD DISTRIBUTING LLC, *et* :
*al.*,                             :
                               :
    Defendants.               :

## DEFENDANTS SPRINGFIELD DISTRIBUTING LLC AND HAI QING HUANG'S ANSWER TO COMPLAINT

In response to Plaintiff Hawthorne Hydroponics LLC d/b/a The Hawthorne Gardening Company's ("*Hawthorne*") Complaint, Defendants Springfield Distributing LLC ("*Springfield*") and Hai Qing Huang (collectively "*Defendants*") state:

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore deny the same.

2.    Defendants admit the allegations contained in Paragraph 2.

3.    Defendants admit the allegations contained in Paragraph 3.

4.    Defendants admit the allegations contained in Paragraph 4.

5.    Defendants admit the allegations contained in Paragraph 5.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny the same.

4877-6854-1382, v. 1

7.  Paragraph 7 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their previous responses as if fully set forth herein.

8.  Defendants admit the allegations contained in Paragraph 8.

9.  In response to Paragraph 9, Springfield admits that it entered into a contract with Hawthorne; however, Defendants deny that all of the products invoiced and alleged to be under that contract were in fact subject to that agreement, rather than an agreement with a separate business entity, not a party hereto.

10.  Defendants admit the allegations contained in Paragraph 10.

11.  Mr. Huang has no recollection of signing a personal guarantee in the contract as alleged by Hawthorne, the signature does not match Mr. Huang's signature, and as such, the allegations contained in Paragraph 11 are denied.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny the same.

13.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny the same.

14.  Defendants admit that some products were received by Springfield pursuant to the contract, but denies that the amount due is $1,344,397.00 as the majority of those products invoiced were pursuant to a separate contract with a different company not included as a party herein. Defendants deny the remaining allegations of this Paragraph 14.

4877-6854-1382, v. 1

15. Defendants deny that they were required to pay Hawthorne for the products in full when sent, as they were sent unilaterally by Hawthorne with the expressed representation that payment would not be due all at once and could be resolved at a later date if Defendants accepted the products at that time. Defendants admit that they have not paid Hawthorne for all of the products invoiced, because they believe they are not responsible to do so, since some of the products were pursuant to a contract with a separate company not a party hereto.

16. Defendants deny the allegations in Paragraph 16, since the majority of the products shipped and invoiced were done so pursuant to a different contract with another company that is not included as a party herein.

17. Paragraph 17 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their previous responses as if fully set forth herein.

18. Defendants admit that a contract between Springfield and Hawthorne existed, but deny that Mr. Huang was a separate individual guarantor thereto as stated above. Additionally, as mentioned, Defendants deny that all of the products invoiced by Hawthorne were shipped to Springfield when they were in fact correlated to another contract with a company not included as a party hereto.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny the same.

3

20. Paragraph 20 is a legal conclusion to which a response is not required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny the same.

22. Defendants deny the allegations in Paragraph 22.

23. Paragraph 23 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their previous responses as if fully set forth herein.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny the same.

25. Defendants admit the allegations Paragraph 24.

26. Paragraph 26 is a legal conclusion to which a response is not required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 26.

27. Paragraph 27 is a legal conclusion to which a response is not required. To the extent a response is necessary, Defendants deny the allegations contained in Paragraph 27.

28. Paragraph 28 is an incorporation paragraph to which no response is required. To the extent a response is required, Defendants incorporate their previous responses as if fully set forth herein.

4877-6854-1382, v. 1

29. Defendants deny the allegations in Paragraph 29, for the reasons as set forth above.

30. Defendants deny all allegations not specifically admitted herein, and all headings, subparts, and WHEREFORE clauses contained in the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Hawthorne's claims are barred because it failed to mitigate his damages, if any.

3. Hawthorne's claims are barred by the doctrine of accord and satisfaction.

4. Hawthorne's claims are barred by waiver.

5. The Complaint fails because of assumption of risk, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, statute of frauds, and any other matter constituting an avoidance or affirmative defense.

Defendants reserve the right to amend this Answer and add Affirmative Defenses.

**WHEREFORE**, Defendants pray for judgment as follows:

➢ That Plaintiff Hawthorne take nothing by virtue of the Complaint;

➢ That the Court dismiss the Complaint with prejudice; and

➢ For such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Samir B. Dahman
Samir B. Dahman (0082647)
Trial Attorney

5

KOHRMAN JACKSON & KRANTZ, LLP
10 West Broad Street, Suite 1900
Columbus, OH 43215
Tel:  614.427.5750
Fax: 216.621.6536
Email:  sbd@kjk.com


Elijah Hartman, *Pro Hac Vice Forthcoming*
Harris Sliwoski LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101
Tel: 206.224.5657
Email: elijah@harris-sliwoski.com

*Counsel for Defendants Springfield Distributing LLC and Hai Qing Huang*

4877-6854-1382, v. 1

**<u>CERTIFICATE OF SERVICE</u>**

I filed this *Answer* via the CM/ECF system on June 6, 2024 which will serve all counsel of record.

/s/ Samir Dahman
Samir Dahman

7